USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2020

December 11, 2020

**MEMO ENDORSED**

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:  *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni:

Pursuant to the Court's Order (Dkt. 480) and Individual Practice Rule 5.B.ii, Plaintiffs in the above-referenced action write to respectfully request leave to file redacted versions of our letter (Dkt. 476), as well as the redacted versions of Exhibits 20-22, and slip sheets for Exhibits 1-19 and 46-79 to remain under seal. This request is identical to Plaintiffs' last one, and the Court may review the proposed redactions (Dkt. 479) as well as the redacted versions and slip sheets (Dkt. 477). Plaintiffs additionally request that Defendants' November 3, 2020 letter (Dkt. 460) and its enclosed appendices remain under seal.[1]

Plaintiffs maintain that the sealing and redaction of these submissions is warranted under the principles set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), particularly as those principles were recently clarified by *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019).

Plaintiffs' letter and exhibits, and Defendants' letter and appendices, reference and comprise of (i) confidential memoranda from Plaintiffs' consultants (Dkt. 460; Dkt. 476, Exhibits 1-19 and 46-79), (ii) declarations from Plaintiffs' consultants regarding their work product (Dkt. 476, Exhibits 20-21), and (iii) certain letters between Plaintiffs and Defendants regarding the technical contents of the consultant analyses underlying the pleadings (Dkt. 476, Exhibit 22). Plaintiffs maintain that these materials—which already provide Defendants with an unprecedented look into the inner-workings of an adversary's pre-filing investigations and counsel's strategies and mental impressions—are proprietary, highly sensitive and, respectfully, should never have been produced. To order these materials to be made fully available to the *public* is not required under prevailing law and would serve no useful purpose.

---

[1]  Plaintiffs met and conferred with Defendants on December 2, 2020, and the Parties agreed that Plaintiffs' and Defendants' respective letters requesting sealing should focus on their own information. Thus, Plaintiffs' request excludes the summary of Defendant-produced documents (Dkt. 476, Exhibit 23) as well as the copies of Defendant-produced documents (Dkt. 476, Exhibits 24-45), which Defendants will address in their separate letter. That being said, at Defendants' request, Plaintiffs redacted portions of our letter and Exhibit 22 that quote from Defendant-produced documents.

Although the Court previously found a waiver of the attorney work product privilege over the confidential memoranda (*see* Dkt. 480, at 2), such a finding of waiver only means that the waived documents should be produced to the Defendants, not made part of the public domain. *See In re Grand Jury Proceedings*, 219 F.3d 175, 188 (2d Cir. 2000) ("as the animating principle behind waiver is fairness to the parties, if the court finds that the privilege was waived, then the waiver should be tailored to remedy the prejudice to the" opposing party). Waiver and public disclosure are not synonymous. These materials are still highly sensitive work product materials, even though the privilege was deemed waived. Therefore, waiver alone does not provide a legal basis for the public filing of these materials.

*Lugosch* sets forth a three-step analysis that determines whether or not a document should be accessible to the public: (1) the Court must determine whether the document is a "judicial document" to which a "presumption of access" attaches, (2) the Court must determine the weight of any presumption of access, and (3) the Court must "balance competing considerations against" any presumption of access, such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." 435 F.3d at 119-20; *see also Brown*, 929 F.3d at 49-50. Under these criteria, the consultants' confidential memoranda (and Defendants' letter and appendices conveying their contents) should remain under seal, and the consultant declarations and segments of Plaintiffs' and Defendants' correspondence on the consultant analyses should remain redacted.

*First*, the documents at issue are not "judicial documents." The general rule is that a judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). However, there is an "important exception" to that general rule that is applicable here: a document is *not* a "judicial document" if it is "submitted to the court solely so that the court may decide whether that same material must be disclosed in the discovery process or shielded by a Protective Order." *Brown*, 929 F.3d at 50 n.33 (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001)); *see also Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013) ("A document cannot become subject to a presumption of public access by reason of the parties' efforts to keep it confidential during the discovery process.").

This important exception applies here because Plaintiffs seek to seal or redact (i) Defendants' November 3, 2020 filing, which was submitted in support of Defendants' arguments that material covering *the exact same subject matter* should be produced (*i.e.*, emails and deposition testimony about the Plaintiffs' preparation of the statistical analyses in their pleadings);[2] and (ii) Plaintiffs' filing in response, which was submitted for the purpose of persuading the Court to reject Defendants' ongoing efforts to seek the disclosure of that material. *See e.g.*, Dkt. 477 at 10 ("Plaintiffs maintain the scope of the materials Defendants have received and continue to seek is both unprecedented and unnecessary."); *id.* at 12 ("Nor can further indulgences be justified based on Defendants' recent pivot to deem [Plaintiffs'] consultants as 'fact witnesses'" they claim the need to depose). Plaintiffs should not be forced to unveil these documents to the public in order to persuade

---

[2] *See e.g.*, Oct. 28, 2020 Tr. at 15:20-21 (Defense counsel: "[W]e think the evidence here and that we will submit supports our request for these communications.")

the Court that no more material of the same type should be unveiled to the Defendants. *See Brown*, 929 F.3d at 50 n.33; *Newsday*, 730 F.3d at 167 n.15; *see also United States v. Hubbard*, 650 F.2d 293, 321 (D.C. Cir. 1980) (it would be "ironic" and improper to force a party to "acquiesce in a substantial invasion of [its privacy interests] simply to vindicate them"). Thus, these documents are exempt from the general definition of "judicial documents," and are not subject to *any* presumption of public access.

*Second*, even assuming arguendo that the documents at issue are "judicial documents," the weight of the common law presumption of access is attenuated at best. The general rule is that "information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). *Lugosch* held that "documents submitted to a court for its consideration in a summary judgment motion" are subject to a "strong presumption of access" because those documents are "used to determine litigants' substantive legal rights." 435 F.3d at 121. But the Second Circuit has recently held that a weaker presumption of access attaches to "filings submitted in connection with discovery disputes," since "a court's authority to oversee discovery . . . is ancillary to the court's core role in adjudicating the case." *Brown*, 929 F.3d at 50; *see also Winfield v. City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (explaining why "[t]here is good reason" that "documents filed in connection with discovery matters" should not be presumed accessible to the public) (citing cases); *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) ("[T]he presumption of public access" is "low, at best" for materials the court would "simply be reviewing . . . to resolve a discovery dispute."); *United States v. Belfort*, 2014 WL 2612508, at *3 (E.D.N.Y. June 11, 2014) (low presumption for document that "did not play a substantial role in determining the litigants' substantive rights") (quotation marks omitted).

Here, the Court should afford only minimal weight to any presumption of access in this matter because the documents at issue do not directly affect an adjudication (*e.g.*, a motion for summary judgment, motion for class certification, or trial). Rather, these documents—consultant memoranda, consultant declarations, party correspondence—are being submitted only in the context of a discovery dispute over whether material related to the exact same subject matter must be produced. Plaintiffs' filing was submitted to the Court "solely to insure [the material's] irrelevance." *Amodeo II*, 71 F.3d at 1049. Specifically, Plaintiffs submitted these documents to *reassure* the Court that notwithstanding Defendants' protestations to the contrary, Plaintiffs' consultant analyses underlying the pleadings were robust and performed in good faith, and thus are irrelevant and undiscoverable.

Moreover, the consultant memoranda and analyses are merely preliminary ones based on the limited data that was available to Plaintiffs prior to discovery. Plaintiffs have been diligently working to obtain data from Defendants and third parties so that their actual testifying consultants can develop trial-worthy statistical analyses. Thus the documents Plaintiffs seek to seal do *not* implicate the public's interest in monitoring the *merits* of this case. *See Winfield*, 2017 WL 2880556, at *5 (sealing of "Plaintiffs' preliminary analyses" was justified in part because they were "certainly not the ones that will ultimately be admitted at trial"); *see also Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (finding the presumption of

public access to "financial information" in judicial documents deserved little weight because the information was not relevant to the issues decided by the court); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (explaining that the weight of the presumption was limited because the information redacted was "largely collateral to the factual and legal issues"); Dkt. 477 at 10-12. Indeed, Plaintiffs' preliminary analyses are irrelevant to the litigation going forward, in stark contrast with the documentary evidence of Defendants' conspiracy as reflected in emails, chats and audio files, some of which are more than a decade old and were inter-defendant communications. Dkt. 476, Ex. 23.

*Third*, again assuming arguendo that the documents at issue are "judicial documents," the competing considerations far outweigh any presumption of access. The rule is that the Court must consider competing considerations such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure" against the weight given to the presumption of access. *Lugosch*, 435 F.3d at 120; *Brown*, 929 F.3d at 47 n.13. Significant weight is often accorded to documents that contain sensitive proprietary information that could prejudice a party. *IBM v. Rodrigo Lima*, 2020 WL 6048773, at *3 (S.D.N.Y. Oct. 13, 2020). Weighing the resisting party's interest in privacy or proprietary information also entails consideration of how any "person seeking access intends to use the information." *Amodeo II*, 71 F.3d at 1051. The privacy of litigation work product should be protected by seal insofar as "it seems fairly unlikely that those documents would be of interest to anyone other than those against whom [the litigant] is litigating." *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 2012 WL 13028279, at *7 (N.D.N.Y. June 12, 2012). And, more generally, "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]" *Amodeo II*, 71 F.3d at 1051; *accord Carbon Inv. Partners, LLC v. Bressler*, 2020 WL 5441497, at *3-4 (S.D.N.Y. Sept. 10, 2020) (sealing "business secrets"); *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (sealing "sensitive business information" that "could advantage Movants' competitors and harm their business").

In this present case, both Plaintiffs' consultants and Plaintiffs' counsel have compelling privacy and proprietary interests in preventing the material they seek to seal from being made public. None of the consultants had any expectation that their memoranda, studies, and other work product created for Plaintiffs' counsel would be made publicly available. These materials offer detailed insight into the consultants' methods, and thus can be used against them by their competitors and adversaries (*i.e.*, opposing counsel) in future matters. The same is true of Plaintiffs' counsel: if made publicly available, all of these documents—consultant memoranda, consultant declarations, and redacted portions of party correspondence—could provide their competitors (*i.e.*, typically defense counsel) with insights into how Plaintiffs' counsel might assess future cases against banks and others. And, while these materials likely will be of interest to the commercial competitors and litigation adversaries of Plaintiffs' consultants and counsel, it is highly unlikely that they "would be of interest to anyone" else, *Utica*, 2012 WL 13028279, at *7, since they pertain merely to preliminary analyses that will not be used at trial and are thus irrelevant to the ultimate adjudication. *See Winfield*, 2017 WL 2880556, at *5.

For these reasons, Plaintiffs respectfully request that this Court grant our requests (i) to file redacted versions of our letter (Dkt. 476), redacted versions of Exhibits 20-22, and slip sheets for

4

Exhibits 1-19 and 46-79 to remain under seal; and (ii) that Defendants' November 3, 2020 letter (Dkt. 460) and the enclosed appendices remain under seal. *See Lugosch*, 435 F.3d at 119-20 (stating that any presumption of public access must give way to "higher values" and "countervailing factors").

Respectfully submitted,

| | |
|---|---|
| /s/ Merrill G. Davidoff | /s/ Daniel L. Brockett |
| Merrill G. Davidoff | Daniel L. Brockett |
| Martin I. Twersky | Jeremy D. Andersen |
| Michael C. Dell'Angelo | Sami H. Rashid |
| Candice J. Enders | QUINN EMANUEL URQUHART & |
| Zachary D. Caplan | SULLIVAN, LLP |
| BERGER MONTAGUE PC | 51 Madison Avenue, 22nd Floor |
| 1818 Market Street | New York, New York 10010 |
| Philadelphia, Pennsylvania 19103 | |

*Counsel for Gold Plaintiffs and Interim Co-Lead Counsel for the Proposed Gold Class*

Plaintiffs' and Defendants' sealing applications, at docket entries 492 and 493, are hereby GRANTED.

The filings in question were not made in support or in opposition to any motion currently before the Court. At the October 28, 2020 conference, the Court granted Defendants leave to file the charts discussed at the conference, which Defendants alleged would be "helpful to the Court" to support their contention that portions of Plaintiffs' data analysis in the Third Amended Complaint was misleading. Conference Tr., Dkt. 468 at 39. Defendants' subsequent letter and exhibits did not seek any relief from the Court. Dkt. 460. Plaintiffs' response to Defendants' filing included 79 exhibits, that Plaintiffs claimed were shared in an effort for the "Court to appreciate the extent of the unique visibility Defendants have been given into the inner-workings of counsel and our (non-testifying) consultants" and to provide the "larger context of the thoroughness of counsel's pre-filing investigation." Dkt. 476 at 2. Like Defendants, Plaintiff did not seek any specific relief from the Court.

Given this unique posture, the Court finds that the documents in question are not judicial documents and the presumption of public access in *Lugosch* does not apply. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Second Circuit has found that "[i]n defining 'judicial records and documents,' we have emphasized that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.' Instead, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Without a request for relief before the Court, the documents "are not yet implicated in judicial proceedings" and "will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) (collecting cases).

The Court recognizes that the parties may seek to use the documents in question in future motions. *See, e.g.*, Dkts. 361, 365 (contemplating a possible Rule 11 motion by Defendants); Dkts. 476, 492 (referencing ongoing discovery disputes that may result in requests for relief from the Court). But "[e]ven if we assume that [such documents] might be relevant to the judicial function at a later point in this case, that would not be sufficient to render the [documents in question] a judicial document *now*." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 139 (2d Cir. 2017) (emphasis in original).

Because the letters and exhibits in question currently are not judicial documents, the presumption of public access does not apply. And though the Court has found that Plaintiffs have waived the work product doctrine over such documents, *see* Dkts. 377, 480, the Court recognizes that required disclosure to Defendants is fundamentally different than disclosure to the public. Given the sensitive and possibly proprietary information contained in the letters and exhibits, the Court hereby grants the sealing requests. The Court notes that if either party utilizes any of these documents in future motions, the parties must either file them on the public docket or make a new, much narrower, sealing request, given the presumption of access in *Lugosch*.

The Clerk of Court is respectfully directed to close the open motions at docket entries 492 and 493.

SO ORDERED.

Date: December 12, 2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE