**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/14/2021



MEMO ENDORSED

February 19, 2021

Via ECF

Hon. Valerie E. Caproni
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-2548 (VEC)

Dear Judge Caproni:

  We write on behalf of The Bank of Nova Scotia, and on behalf of Barclays Bank PLC, Société Générale, and The London Gold Market Fixing Limited ("Defendants"), to respectfully request that the Court seal portions of Defendants' February 19, 2021 Reply Memorandum in Further Support of Their Motion to Depose Rosa M. Abrantes-Metz and Gustavo Bamberger (the "February 19 Memorandum").

  On January 18, 2017, the Court entered the Stipulation and Protective Order (Dkt. No. 208) (the "Protective Order"), which states that "[a]ll Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further Order of the Court."  The documents described in the February 19 Memorandum were designated "Confidential" by Plaintiffs and filed under seal on November 18, 2020 (ECF No. 476).

  Paragraph 16 of the Protective Order states that, for documents "subject to a confidentiality designation" included in or attached to a court filing, the "party submitting that filing shall serve counsel for the producing Person or other Person designating the Discovery Material with a copy of the filing at the time the filing under seal is made."  As set out in the Protective Order, Defendants are serving a copy of the February 19 Memorandum on Plaintiffs, and to the extent Plaintiffs continue to designate these materials as "Confidential," will submit a statement to the Court within ten business

The Honorable Valerie E. Caproni                                                                                      -2-

days containing any statements from Plaintiffs on why sealing the redacted material is appropriate.

For the foregoing reasons, we respectfully request that the redacted portions of Defendants' February 19 Memorandum be filed under seal.

\*   \*   \*

Defendants further request that, should the Court grant Plaintiffs' February 12, 2021 sealing request (ECF No. 518) on the basis that the exhibits to Defendants' memorandum are not "judicial documents" entitled to a presumption of access, it also seal exhibits 4-5 to Plaintiffs' February 12, 2021 opposition and the references to those exhibits contained in their memorandum for the same reason. (see ECF No. 517.) Should the Court decline Plaintiffs' request, Defendants will not oppose unsealing these materials.

Respectfully submitted,

*/s/ Stephen Ehrenberg*

Stephen Ehrenberg

cc:  Counsel of Record (via ECF)

---

Plaintiffs' and Defendants' sealing applications, at docket entries 508, 518, and 523, are hereby GRANTED.

The parties make two separate sealing requests: First, Plaintiffs and Defendants seek to redact the information quoted or displayed in Plaintiffs' opposition brief that was produced by Defendants and designated as confidential pursuant to the parties' Protective Order.  *See* Pls. Letter Motion, Dkt. 518 at 1, 5; Defs. Letter Motion, Dkt. 523 at 2.  Second, Plaintiffs seek to redact the work product of its consultants that was "included, quoted, and described in" either Plaintiffs' or Defendants' briefs and exhibits in connection with Defendants' motion.  *See* Pls. Letter Motion, Dkt. 518 at 1.

A presumption of public access applies to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The Second Circuit has found that "[i]n defining 'judicial records and documents,' we have emphasized that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'  Instead, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.'"  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

With respect to the first sealing request, the information produced by Defendants and designated confidential, the Court finds that such information does not constitute judicial documents under the *Lugosch* standard and so the presumption of public access does not apply. While such information went to Defendants' alleged role in the Fixing process, it did not concern whether Plaintiffs' experts are immune from deposition. Because the presumption of public access does not apply, the sealing request as to such information is granted.

With respect to the second sealing request, the information produced by Plaintiffs' consultants, Plaintiffs contend that such information also does not constitute judicial documents. *See* Pls. Letter Motion, Dkt. 518 at 2-3. But the Court finds that the redacted materials are judicial documents. Although Defendants' motion centers on whether Abrantes-Metz and Bamberger are entitled to the protections of Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure, Rule 26(b)(2)(C) requires a Court to limit discovery when it is "unreasonably cumulative or duplicative." *See* Fed. R. Civ. P. 26(b)(2)(C). In order to assess whether the depositions at issue would be unreasonably cumulative or duplicative, the Court must consider their potential subject matter, an inquiry which necessarily bears upon the redacted materials. Accordingly, because the materials are "implicated in judicial proceedings," they are squarely judicial documents. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013).

But a relatively weak presumption of public access applies to these materials because they were filed in connection with a discovery dispute. *See Brown*, 929 F.3d at 49 ("[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.").

The Court finds that there is sufficient information in the public record to understand the basis for the Court's decision without needing to review the redacted materials. Additionally, the Court agrees that the materials contain sensitive and possibly proprietary information that could be used by the consultants' competitors and possibly by future defendants in other price manipulation lawsuits. *See* Pls. Letter Motion, Dkt. 518 at 4-5; *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). Accordingly, given the low presumption of access in discovery disputes, Plaintiffs' application to redact material produced by Plaintiffs' consultants is granted.

The Clerk of Court is respectfully directed to close the open motions at docket entries 508, 518, and 523.

SO ORDERED.

*[signature: Valerie Caproni]*

Date: June 14, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE