USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: <br><br> COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION <br><br> *This Document Relates To All Actions* | Case No.  14-MD-2548 (VEC) <br> 14-MC-2548 (VEC) <br><br> Hon. Valerie E. Caproni |

# ORDER AWARDING ATTORNEYS' FEES

Co-Lead Counsel's motion for attorneys' fees and litigation expenses (the "Fee and Expense Motion") came before the Court.  The Court has considered all papers filed and proceedings held in connection with the above-captioned action, and is fully informed on these matters.  Adequate notice having been giving to the Settlement Class, and having considered all papers and proceedings in these matters, the Court finds, concludes, and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in each Stipulation and Agreement of Settlement, which were previously filed with the Court ("Stipulations" or "Settlements") (ECF Nos. 174-1, 487-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulations.

2. The Court has jurisdiction over the subject matter of the Action, and, for purposes of enforcing and administering the Settlements, this Court has jurisdiction over the parties to the Action, including members of the Settlement Class.

3. Notice of Co-Lead Counsel's Fee and Expense Motion was given to potential members of the Settlement Class in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. Members of the Settlement Class were given the opportunity to object to Fee and Expense Motion in compliance with Rule 23 of the Federal Rules of Civil Procedure.

5. The Fee and Expense Motion is granted with respect to attorneys' fees as described below.

- 2 -

6.  The Court hereby awards attorneys' fees equal to $28,200,000 and interest on such attorneys' fees at the same rate as the earnings in the Settlement Funds, accruing from the inception of each such Fund. Co-Lead Counsel is authorized to allocate these awards with other firms that assisted them in a manner in which, in Co-Lead Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

7.  In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)  the Settlements have created a fund of $102,000,000 in cash, and numerous members of the Settlement Class who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlements created by Co-Lead Counsel;

(b)  The fee sought by Co-Lead Counsel is fair and reasonable;

(c)  Over 18,000 copies of the Notice were disseminated to potential members of the Settlement Class as reasonably identified in Defendants' data, as well as many more sent in an abundance of caution in response to requests by intermediaries;

(d)  The Notice indicates that Co-Lead Counsel would move for attorneys' fees in an amount not to exceed $28.2 million and for costs, charges and expenses in an amount not to exceed $11 million, plus interest on both amounts, and no objections to the fees or expenses were filed by members of the Settlement Class;

(e)  Co-Lead Counsel has pursued the litigation and achieved the Settlements with skill, perseverance, and diligent advocacy, as reflected by the positive reception of the Settlement Agreements by the Settlement Class;

(f)  Co-Lead Counsel has expended substantial time and effort pursuing the litigation on behalf of the Settlement Class;

    (g) the litigation involves complex factual and legal issues and, in the absence of the settlements, would involve lengthy proceedings whose resolution would be uncertain;

    (h) had Co-Lead Counsel not achieved the Settlements, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Settling Defendants;

    (i) public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation;

    (j) the amount of attorneys' fees is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

8. This fee award is independent of the Court's consideration of the fairness, reasonability, and adequacy of the Settlements and is also independent of the Court's consideration of the Plan of Allocation. Any appeal or any challenge affecting this Court's approval regarding the fee award shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, or any expense award.

9. The fee award and interest awarded herein shall constitute a final order and shall be payable to co-lead counsel from the Settlement Funds upon entry of final judgments related to the Deutsche Bank and HSBC Settlements.

10. In the event that any of the Settlements is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of that particular Stipulation, this Order shall be rendered null and void to the extent provided in that Stipulation and shall be vacated in accordance with that Stipulation.

- 4 -

IT IS SO ORDERED.

DATED: January 13, 2022

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE