USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/04/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Case No.   14-MD-2548 (VEC) |
| | 14-MC-2548 (VEC) |
| COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION | |
| | Hon. Valerie E. Caproni |
| *This Document Relates To All Actions* | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**
**AS TO DEUTSCHE BANK AG**

This matter came before the Court for hearing pursuant to Plaintiffs' application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with Deutsche Bank AG, dated August 24, 2016 (the "Settlement Agreement").  The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.        This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.        This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.        The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.        Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs,[1] for themselves individually and on behalf of each Settlement Class Member in the Action, and Deutsche Bank AG (the "Settling Defendant" and together with Plaintiffs, the "Settling Parties"), and any objections and responses thereto, pursuant Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All persons or entities who during the period from January 1, 2004 through June 30, 2013, either (A) sold any physical gold or financial or derivative instrument in which gold is the underlying reference asset, including, but not limited to, those who sold (i) gold bullion, gold bullion coins, gold bars, gold ingots or any form of physical gold, (ii) gold futures contracts in transactions conducted in whole or in part on COMEX or any other exchange operated in the United States, (iii) shares in Gold exchange-traded funds ("ETFs"), (iv) gold call options in transactions conducted over-the-counter or in whole or in part on COMEX or any other exchange operated in the United States; (v) gold spot, gold forwards or gold

---

[1]  Plaintiffs are Compañía Minera Dayton SCM, Frank Flanagan, KPFF Investment, Inc., Duane Lewis, Larry Dean Lewis, Kevin Maher, Robert Marechal, Blanche McKennon, Kelly McKennon, Thomas Moran, J. Scott Nicholson, and David Windmiller.

swaps over-the-counter; or (B) bought gold put options in transactions conducted over-the-counter or in whole or in part on COMEX or on any other exchange operated in the United States.

Excluded from the Settlement Class are Defendants, their officers, directors, management, employees, affiliates, parents, subsidiaries, and co-conspirators, whether or not named in the Action, and the United States Government, and other governments. Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

5.     The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.     The law firms of Quinn Emanuel Urquhart & Sullivan, LLP and Berger Montague PC are appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7.     Plaintiffs Compañía Minera Dayton SCM, Frank Flanagan, KPFF Investment, Inc., Duane Lewis, Larry Dean Lewis, Kevin Maher, Robert Marechal, Blanche McKennon, Kelly McKennon, Thomas Moran, J. Scott Nicholson, and David Windmiller are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the

settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).  Moreover, the Court concludes that:

      a.      The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

      b.      This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

      c.      Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

      d.      The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Claims, against Deutsche Bank AG by the Plaintiffs and Releasing Parties are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10.      The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or

receive any benefit from the Settlement Agreement or the HSBC agreement being jointly administered with this Settlement Agreement.

11.     Upon the Effective Date: (i) Plaintiffs, each of the Settlement Class Members, and all Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against Deutsche Bank AG and the Released Parties (whether or not such Plaintiff, Settlement Class Member, or Releasing Party executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs, each of the Settlement Class Members, and all Releasing Parties, and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against Deutsche Bank AG or any Released Party in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12.     Upon the Effective Date, Deutsche Bank AG: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Settling Defendant's Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Deutsche Bank AG to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     All rights of any Settlement Class Member against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Deutsche Bank AG or the Released Parties with respect to Released Claims are specifically reserved by Plaintiffs and the Settlement Class Members.  To the extent permitted and/or authorized by law, all transactions relating to or arising from entry into, receipt of payments on, or terminations of any Gold Investments with Deutsche Bank AG, remain in the case against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Deutsche Bank AG and the Released Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

14.     The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

15.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Deutsche Bank AG; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Deutsche Bank AG in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  Deutsche Bank AG may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense

- 5 -

or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 3(b), 8(g), 10(b), 13(j), and 13(k) of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

18.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is respectfully directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.  The Clerk of Court is also respectfully directed to terminate Defendant Deutsche Bank AG.

20.     The Court's consideration and approval of the Settlement is independent of the Court's consideration and approval of the Plan of Allocation, the fee award, and the expenses award.

The Clerk of Court is respectfully directed to terminate Defendants Deutsche Bank, AG; Deutsche Bank Securities, Inc.; Deutsche Bank AG New York Branch; Deutsche Bank Trust Corporation; Deutsche Bank Trust Company Americas; Deutsche Bank Americas Holding Corporation; and DB U.S. Financial Markets Holding Corporation.


IT IS SO ORDERED.

DATED: _May 4, 2022_____          _____
                                          HON. VALERIE E. CAPRONI
                                          UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## <u>List of Opt-Outs from the Original Settlements</u>

1.    Charles D. Nicolaus

2.    Louise A. Dunham

3.    St. Ives Gold Mining Company Pty Limited

4.    Agnew Gold Mining Company Pty Limited

5.    Wing Fung Precious Metals Limited

6.    Susan J. Levy

7.    Gordon R. Hauglie

8.    Joan M. Hauglie

9.    Yvonne McKown

10.    Banco Central de Bolivia