USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/08/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION<br><br>*This Document Relates To: All Actions* | Case No.   14-MD-2548 (VEC)<br>14-MC-2548 (VEC)<br><br>Hon. Valerie E. Caproni |

**[PROPOSED] ORDER GRANTING INCENTIVE AWARDS**

Co-Lead Counsel's motion for attorneys' fees, expenses, and incentive awards (ECF No. 644, the "Fee, Expense, & Incentive Motion") came before the Court. The Court has considered all papers filed and proceedings held in connection with the above-captioned action, and is fully informed on these matters. Adequate notice having been giving to the Settlement Class, and having considered all papers and proceedings in these matters, the Court finds, concludes, and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, which was previously filed with the Court ("Stipulation" or "Settlement") (ECF No. 607-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, and, for purposes of enforcing and administering the Settlement, this Court has jurisdiction over the parties to the Action, including members of the Settlement Class.

3. Notice of Co-Lead Counsel's Fee, Expense, & Incentive Motion was given to potential members of the Settlement Class in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. Members of the Settlement Class were given the opportunity to object to the Fee, Expense, & Incentive Motion in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections to the Fee, Expense, & Incentive Motion have been made.

5. The Fee, Expense, & Incentive Motion is granted with respect to incentive awards as described below.

6. The Court hereby approves the payment of incentive awards to those whose services to the class are described in paragraphs 88 to 93 of the June 3, 2022 Joint Declaration (ECF No 642). Each such plaintiff shall be paid in accordance with the discussion in Section II of the Fee, Expense, & Incentive Motion and the Joint Declaration.

7. In approving the proposed incentive awards, the Court has considered and found that:

(a) the Settlement has created a fund of $50,000,000 in cash, creating a total of $152,000,000 in total cash settlements in the Action;

(b) numerous members of the Settlement Class who have submitted valid Proof of Claim and Release forms will benefit from the settlements created by Co-Lead Counsel;

(c) the requested awards are reasonable;

(d) Approximately 358,000 copies of the Notice were disseminated to potential members of the Settlement Class;

(e) The Notice indicates that Co-Lead Counsel may apply for incentive awards to be paid to those who served as named Plaintiffs in this Action;

(f) The Notice indicates that Co-Lead Counsel would move for incentive awards, and no objections to the Fee, Expense, & Incentive Motion were filed by members of the Settlement Class;

(g) public policy concerns favor the award of incentive awards to plaintiffs in class action litigation;

(h)  the amount of incentive awards paid is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

8.  This incentive award order is independent of the Court's consideration of the fairness, reasonableness, and adequacy of any of the settlements reached in this Action, and is also independent of the Court's consideration of the Plans of Allocation.  Any appeal or any challenge affecting this Court's approval regarding the incentive awards shall in no way disturb or affect the finality of the final judgments entered with respect to the settlements, the Plans of Allocation, the fee awards, or the expense awards.

9.  This incentive awards herein shall constitute a final order and shall be payable from the Settlement Fund upon entry of final judgments related to the Settlement.

10.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of that particular Stipulation, this Order shall be rendered null and void to the extent provided in that Stipulation and shall be vacated in accordance with that Stipulation.

IT IS SO ORDERED.

DATED: 08/08/2022

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE